UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
                              :
UNITED STATES                 :
                              :
                              :
v.                            :   CRIM. NO. 3:14CR81 (JAM)
                              :
SCOTT ET AL                   :
```

### RULING ON MOTIONS TO SEVER [Doc. ##425, 443]

Pending before the Court are the motions of defendants Tyshawn McDade and Gabriel Horace Williams-Bey for separate trials. [Doc. ## 425, 443]. The government has filed an omnibus response in opposition, [Doc. #484], to which defendant McDade has replied [Doc. #497]. For the reasons articulated below, defendants' motions for separate trials [Doc. ## 425, 443] are **DENIED**.

BACKGROUND

On April 24, 2014, following a long-term investigation that included the use of court-authorized electronic surveillance, a grand jury returned a multi-count indictment charging twenty-five (25) individuals with various federal narcotics offenses, including conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. §846. The indictment alleges fifty two counts against the defendants. Defendants McDade and Williams-Bey are each charged in count one of the indictment, an alleged conspiracy to distribute and to possess with intent to distribute crack cocaine. They are also each charged in separate counts (Thirty Seven, Thirty Eight, and Thirty Nine) which allege possession with intent to distribute and distribution of crack cocaine.

1

## DISCUSSION

Defendants' arguments in support of separate trials largely overlap. Defendants primarily argue that they will be prejudiced by "spillover evidence", which may be further compounded by the antagonistic defenses available to defendants. The prosecutor argues that defendants were properly charged in a single indictment, and that defendant McDade has failed to show the prejudice required to warrant a severance under Federal Rule of Criminal Procedure 14.[1]

Federal Rule of Criminal Procedure 8(b) provides for joinder of defendants alleged to have "participated in the same act or transaction." Fed. R. Crim. P. 8(b). Rule 14(a) of the Federal Rules of Criminal Procedure commits the decision to sever to the discretion of the court: "If joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a); see also United States v. Spinelli, 352 F.3d 48, 54 (2d Cir. 2003). A court should sever only if there is a serious risk that "a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). To prevail on a motion to sever, a defendant must show "substantial prejudice," United States v. Sampson, 385 F.3d 183,

---

[1] The government's opposition only addresses McDade's motion. However, given the similarity of the arguments presented by McDade and Williams-Bey, the Court considers the government's arguments in opposition as to each of defendants' motions for separate trials.

190 (2d Cir. 2004), that is, prejudice "sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." United States v. Walkler, 142 F.3d 103, 110 (2d Cir. 1998). "When determining whether the potential for spillover prejudice warrants a separate trial, the Court should consider (1) whether evidence presented at the joint trial would be admissible in a single defendant trial, and (2) whether the court can properly instruct the jury to keep the evidence separate." United States v. Brown, No. 3:12-cr-74(WWE), 2012 WL 6681690, at *1 (D. Conn. Dec. 21, 2012) (citing United States v. Villegas, 899 F.2d 1324, 1347 (2d Cir. 1990)).

Defendant argues that because the government will likely present evidence of the alleged conspiracy and several possession counts at the same time, there is a great danger that the jurors will accumulate all of the evidence in the individual counts against each defendant. The Court disagrees. Here, "[t]he court cannot assume that a multi-defendant trial is beyond the average jury's ability." Brown, 2012 WL 6681690, at *1 (citing United States v. Moten, 564 F.2d 620, 627 (2d Cir. 1977)). Judge Meyer will undoubtedly carefully instruct the jury to consider the evidence against each defendant separately and that a verdict of guilty against one defendant does not mean that the others should be found guilty. Indeed, the Court presumes that barring evidence to the contrary, "juries follow the instructions given to them by the trial judge." United States v. Casamento, 887 F.2d 1141, 1151 (2d Cir. 1989).

Defendants also argue that most of the evidence would not be admissible against them in a separate trial. The government

responds that, "evidence presented against other defendants is highly unlikely to substantially prejudice defendant McDade especially where many of [the] charges levied against defendants other than McDade are possession charges that are comparatively less severe than the conspiracy offense McDade is charged with." [Doc. #484, 18]. In reply, defendant McDade further argues that potential evidence of a rap video, statements made by defendant Melkuan Scott, and intercepted statements further weigh in favor of severance. [Doc. #497]. Here, evidence of drug sales made from the organization's street-level dealers would be admissible in defendants' separate trials as it is relevant to the conspiracy charge. Similarly, evidence of the rap video, defendant Scott's statements, and statements intercepted from wire-tapped telephones may also be admissible in defendants' separate trials as they are also relevant to the conspiracy charge if made in the course of and in furtherance of the conspiracy. Even if this evidence were not admissible against these defendants, severance is not warranted "by the fact that in a joint trial there will be evidence against one defendant which is not evidence against another defendant." United States v. Jimenez, 824 F. Supp. 351, 367 (S.D.N.Y. 1993). Accordingly, the Court finds that defendants have not shown that severance is necessary to avoid prejudice. See, e.g., Zafiro, 506 U.S. at 540 (holding that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials).

Finally, defendants argue that mutually antagonistic defenses exist in this case; specifically, that if McDade committed a crime, he did so without the other defendants' knowledge or agreement. The

4

mere existence of an antagonistic defense does not create the risk of substantial prejudice; "[i]nstead, the defenses must conflict to the point of being so irreconcilable as to be mutually exclusive… [that is,] if, in order to accept the defense of one defendant, the jury must of necessity convict a second defendant." <u>United States v. Cardascia</u>, 951 F.2d 474, 484 (2d Cir. 1991) (internal citations omitted). Defendant has failed to demonstrate the existence of defenses that are "so irreconcilable as to be mutually exclusive." <u>Id.</u> Accordingly, the Court also rejects this argument.

**CONCLUSION**

Therefore, for the reasons stated, the motions of defendants McDade and Williams-Bey for separate trials [Doc. ## 425, 443] are **DENIED**.

This is not a recommended ruling.  This is a non-dispositive pretrial ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Crim. P. 59(a).  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 1st day of April 2015.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE